**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

**The Bankruptcy Court's Use**
**of a Standardized Form of Chapter 13**
**Confirmation Order that Enjoins**
**the Internal Revenue Service to**
**Redirect Tax Refunds to Chapter 13**
**Trustees,**                                                               Case No. 2:09-cv-13505
                                                                             Hon. Denise Page Hood
_____

**UNITED STATES OF AMERICA,**

                                                   **Plaintiff,**
v.

**KRISPEN S. CARROLL,** *et al.*,

                                                   **Defendants.**
_____/


**OPINION AND ORDER GRANTING PETITION FOR WRIT OF MANDAMUS**

**I.     INTRODUCTION/FACTS**

On September 4, 2009, Plaintiff United States of America, at the request of the Chief Counsel to the Internal Revenue Service ("IRS") and under the direction of the Attorney General, filed the instant Complaint and Petition for a Writ of Mandamus requesting the following relief: (1) an order declaring that the standing chapter 13 Trustees for the Eastern District of Michigan ("Trustees") may not seek to enforce those provisions of numerous chapter 13 plan confirmation orders entered by the United States Bankruptcy Court for this district which compel the IRS to pay future tax refunds claimed by chapter 13 debtors to the chapter 13 Trustees instead of to the debtors;

-1-

and (2) a writ prohibiting the Bankruptcy Court from entering any further orders containing such a provision and from confirming any more chapter 13 plans that contain such provisions. The IRS also sought "to Withdraw the Reference if Deemed Necessary."

The IRS filed a pleading similar to the one presently before this Court on September 26, 2008, but dismissed it without prejudice on September 29, 2008 at the request of the Executive Office of the United States Trustees, which sought time to act as a kind of mediator between the Tax Division of the Department of Justice and the IRS and the local standing chapter 13 Trustees and the judges of the Bankruptcy Court for this district. This effort, however, failed to produce a mutually agreeable solution.

On April 23, 2009, the six judges of the Bankruptcy Court jointly signed a letter to the Attorney General requesting that the Tax Division reconsider its decision to commence litigation in Detroit on behalf of the Internal Revenue Service. *See* Compl. and Pet., Ex. C. The Bankruptcy Court indicated,

> The bankruptcy court's jurisdiction and authority to enter such an order is clear under 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. §§ 105(a), 106(a), 1306(a), 542(a), 1322(a)(1), 1325(c) and 1327(a). Of course, every order creates a burden. Nevertheless, the law requires compliance until the order is reversed or modified on appeal. Celotex Corp. v. Edwards, 514 U.S. 300 (1995).
>
> Accordingly, there is no substantial cause for the Tax Division to institute a collateral attack on thousands of our court orders. They are final orders, and debtors and creditors have since relied on their finality. They are important, necessary and appropriate aspect of our chapter 13 process and our efforts to stem the tide of home foreclosures in the Eastern District of Michigan. We hope you all agree that nationwide implications of such a challenge are serious and unacceptable. We ask you to reconsider the decision of the Tax Division.

Compl. and Pet., Ex. C, p. 2. On May 20, 2009, Associate Attorney General Thomas J. Perrelli informed the Bankruptcy Court that it would be refiling its petition for mandamus. *Id*., Ex. D.

As noted, on September 4, 2009, the IRS filed the instant matter with this Court. On October 15, 2009, the Trustees, instead of filing an Answer to the IRS' Complaint and Petition for Writ of Mandamus, filed two pleadings: (1) Motion for Additional Time to File Responsive Pleading; and (2) Motion to Effectuate Referral of Case Pursuant to L.R. 83.50. On October 28, 2009, the IRS filed a Cross Motion for Preliminary Injunction, in response to the Trustees' Motion to Effectuate Referral. On November 23, 2009, the Trustees filed a Motion to Dismiss instead of an Answer to the Complaint and Petition for Writ of Mandamus. On November 25, 2009, the judges of the Bankruptcy Court filed a Motion for Leave to File a Brief as Amici Curiae. The parties filed response briefs to the various motions to support their respective motions. On December 11, 2009, the IRS filed a Protective Motion for Withdrawal of Reference If Deemed Necessary. A hearing was held on December 14, 2009.

The facts giving rise to this action began sometime in 2008, when the Bankruptcy Court approved a standardized confirmation order, published on the Bankruptcy Court's website, which includes an injunctive provision compelling the IRS to issue all future refunds to the chapter 13 trustee during the pendency of the case. The provision states:

> The Debtor shall remit ____% of all tax refunds to which Debtor is entitled during the pendency of the Plan and shall not alter withholdings without Court approval. The Internal Revenue Service is ordered to direct to the Chapter 13 Trustee the requisite refund to which the Debtor(s) become(s) entitled during the pendency of this Chapter 13 proceeding.

*See* Compl. and Pet., Ex. E.[1]

---

[1] The IRS believes that before this standardized order was available on the Bankruptcy Court's website that the Bankruptcy Court occasionally encouraged the inclusion of a provision imposing the same requirement upon the IRS.

The IRS submits that compliance with these orders poses a substantial and growing administrative burden on the IRS.[2] Until now, the IRS has tried to comply with the injunctive provisions included in the local confirmation orders, notwithstanding the administrative burdens. The IRS claims that the number of chapter 13 filings containing these provisions has grown substantially over the years. According to the IRS insolvency unit in Detroit, it was tracking 401 confirmed chapter 13 plans with the IRS-turnover injunctions as of April 2008, by April of 2009 these number had increased to 4,966.

The IRS maintains that they are entitled to an order declaring that the IRS is not required to comply with, and the Trustees may not seek to enforce any provisions compelling the IRS to redirect tax refunds from the chapter 13 debtors to the chapter 13 Trustees because these injunctive provisions violate sovereign immunity.

**II.    ANALYSIS**

    **A.    Writ of Mandamus Standard**

The underlying issue in this matter is whether the confirmation orders issued by the bankruptcy court containing the provision ordering the IRS to redirect a debtor's tax refund, if any, to the trustee. Although the chapter 13 Trustees' strategy in responding to the IRS' Complaint and Petition for Writ of Mandamus was to file various motions, including a Motion to Effectuate Referral and a Motion to Dismiss, the Court finds that addressing the sole issue raised by the IRS in its Complaint and Petition for Writ of Mandamus regarding sovereign immunity is the most

---

[2] The IRS had asked the Bankruptcy Court to discontinue the practice of routinely including injunctions against the IRS in its chapter 13 plan confirmation orders and the Court declined to discontinue the practice.

judicially efficient manner to handle this matter. Addressing the sovereign immunity issue at the first instance resolves the extent of the Bankruptcy Court's exercise of its judicial powers.

This is the second case filed by the IRS raising this issue. Since 2008, attempts were made between the parties before the Bankruptcy Court to resolve this matter but to no avail. Thousands of chapter 13 bankruptcy cases are affected by this issue. The Bankruptcy Court has clearly stated its position on this issue in the briefs filed before the Court and in its letter to the Attorney General dated April 13, 2009. The parties have extensively briefed and submitted many documents to support their various positions. The Court has before it sufficient briefings of the parties' positions.

Generally, a writ of mandamus affords relief only from final judgments. *Will v. United States,* 389 U.S. 90, 96 (1967). However, a writ of mandamus may issue in limited circumstances to review a non-final order or a non-appealable order if review is necessary or appropriate in aid of the jurisdiction of the court. *Turner Broadcasting Sys. v. FCC,* 507 U.S. 1301 (1993). The All Writs Act provides for the use of extraordinary writs such as writs of mandamus. 28 U.S.C. § 1651. The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. *Will v. Calvert Fire Ins. Co.,* 437 U.S. 665, 662 (1978); *Kerr v. United States District Court,* 426 U.S. 394, 403 (1976). There must be a demonstration of a clear abuse of discretion or conduct amounting to usurpation of judicial power in order grant such a writ. *In re Kings World Prods., Inc.,* 898 F.2d 56, 58 (6th Cir. 1990). Three conditions must be satisfied before the writ may issue. First, the party seeking the writ must "have no other adequate means to attain the relief desired." *Kerr*, 426 U.S. at 403. This condition is designed to ensure that the appeal process is not circumvented. *Ex Parte Fahey,* 332 U.S. 258, 260 (1947). Second, the petitioner must satisfy the burden of showing that the right to issue the writ

is clear and indisputable. *Kerr,* 426 U.S. a 403. Third, even if the first two conditions have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *Id.*

### B. Adequate Means of Relief

As to the first condition, the IRS has established that it has no other adequate means to attain the relief desired. The Trustees argue that this matter should either be dismissed or referred back to the Bankruptcy Court. The Trustees claim that the IRS failed to file appeals in the individual cases which include the refund redirection injunctions. However, the IRS has shown that it did take ordinary appeals from similar refund redirection injunctions in twelve cases consolidated before the district court in 2001. In the consolidated case, the IRS had submitted its initial brief, then the Trustees stipulated to a partial remand so that the bankruptcy court could modify the confirmation orders on appeal to eliminate the refund provisions, which the Bankruptcy Court did. (*See*, Exhs. to IRS Resp. Br. To Motion to Dismiss) Even with knowledge of the IRS' position on the redirection injunctions in these cases, the Bankruptcy Court approved the model plan and model confirmation order involving redirection injunctions in 2008. The Bankruptcy Court, prior to approving the model plan and model confirmation order, did not seek comment from the Tax Division, Department of Justice.

The Bankruptcy Court did not give notice to the IRS prior to entering the confirmation orders with the redirection provisions in any of the individual bankruptcy cases. Generally, when a trustee seeks money from a third party during the bankruptcy proceedings or any future money, an adversary action must first be filed. *See,* Bankruptcy Rules 7001(1) and 7001(9). No such adversary

proceedings were filed in any of the affected chapter 13 proceedings. A confirmed plan is only binding between the debtor and creditors. 11 U.S.C. § 1327(a).

Even if this matter was dismissed in order for the IRS to appeal a particular case to the district court or referred to the Bankruptcy Court in order for that court to address the issue, the Bankruptcy Court's April 23, 2009 letter to the Attorney General make clear its position on the issue. The Bankruptcy Court has indicated that its "jurisdiction and authority to enter such an order is clear under 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. §§ 105(a), 106(a), 1306(a), 542(a), 1332(a)(1), 1325(c) and 1327(a). Of course, every order creates a burden. Nevertheless, the law requires compliance until the order is reversed or modified on appeal." *See,* Compl. and Pet., Exh. C. The Bankruptcy Court's known position is that it has the authority to order the redirection provision. Since the IRS does not have notice of the redirection provision prior to the confirmation of a plan, the IRS must wait until such an order is entered and then file an appeal to this Court or seek a motion for reconsideration before the Bankruptcy Court. The Trustees suggested that the IRS file Rule 60(b) motions in cases which such a redirection provision has been entered. At some point in time in the future, the matter would then be brought before this Court.

A referral to the Bankruptcy Court of the Complaint and Petition is not appropriate under E.D. Mich. LR 83.50, which implements 28 U.S.C. § 157. The issue raised by the IRS in its Complaint and Petition for Writ of Mandamus is not related to a particular bankruptcy action in that it does not impact a particular bankruptcy estate nor does it seek to determine the validity of a certain debt. The IRS Complaint and Petition for Writ of Mandamus seeks a ruling on the Bankruptcy Court's procedure relating to the approved chapter 13 model plan and model confirmation order which the Bankruptcy Court has entered in many chapter 13 cases.

The Bankruptcy Court has made clear its position on the issue. Dismissing this matter or referring the matter to the Bankruptcy Court leaves the IRS with no adequate means of relief before the Bankruptcy Court in light of the court's position that its authority to issue the redirection provision is clear.

### C. Clear and Indisputable Right

The IRS has also carried its burden showing that the right to issue the writ is clear and indisputable. It is well established that the United States has sovereign immunity unless it consents to suit. *United States v. Dalm,* 494 U.S. 596, 608 (1990). The waiver of sovereign immunity must be explicit, and any waiver is strictly construed in favor of the sovereign. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 34 (1992). Waivers of sovereign immunity are not to be "liberally construed." *Id.* "The federal courts may exercise subject matter jurisdiction over a cause prosecuted against a federal agency only if the United States has consented to be sued by waiving sovereign immunity." *Federal Express Corp. v. United States Postal Serv.,* 151 F.3d 536, 539 (6th Cir. 1998). Failure to waive sovereign immunity by the United States deprives the federal court of subject matter jurisdiction. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). The party asserting that the federal court has jurisdiction over the United States has the obligation of identifying a waiver of sovereign immunity in order to proceed against the United States. *Reetz v. United States,* 224 F.3d 794, 795 (6th Cir. 2000).

The Anti-Injunction Act, 26 U.S.C. § 742(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C.§ 742(a). This Act further lends to the IRS' argument of sovereign immunity. The purpose of the Act is to

permit the IRS to assess and collect taxes without judicial interference and to ensure that any dispute over the disputed funds in question be litigated in a suit for a refund. *Enochs v. Williams Packing & Nav. Co.,* 370 U.S. 1, 7 (1962). The only exception is if the aggrieved party has no alternative avenue to litigate its claims. *South Carolina v. Regan,* 465 U.S. 367, 380-81 (1984). In this case, it is the IRS who has asserted that it has no alternative avenue to litigate the issue of sovereign immunity before the Bankruptcy Court.

Courts have held that Congress does not intend the Bankruptcy Code to be an exception to the application of the Anti-Injunction Act. *See In re American Bicycle Ass'n,* 895 F.2d 1277, 1279 (9th Cir. 1990); *Laughlin v. Internal Rev. Serv.,* 912 F.2d 197, 199 (8th Cir. 1990); *In re LaSalle Rolling Mills, Inc.,* 832 F.2d 390, 394 (7th Cir. 1987); *In re Becker's Motor Transp., Inc.,* 632 F.2d 242, 246 (3rd Cir. 1980); *In re Dore & Assoc. Contracting, Inc.,* 45 B.R. 758, 764 (Bankr. E.D. Mich. 1985). The Bankruptcy Court's authority under § 105 of the Bankruptcy Code, although broad in order to enter orders necessary to carry out provisions of the bankruptcy code, does not waive the IRS's sovereign immunity nor trumps the Anti-Injunction Act. *See, In re Herbert R. Kuppin, Jr.,* 335 B.R. 675, 680 (S.D. Ohio 2005).

Section 106 of the Bankruptcy Code provides a limited waiver of sovereign immunity. However, § 106(a)(5) also states that "nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title … or non-bankruptcy law." 11 U.S.C. § 106(a)(5). The Bankruptcy Court has core jurisdiction over a valid objection to a claim by the IRS pursuant to 11 U.S.C. §§ 106 and 502 where the IRS has submitted a proof of claim. *In re Braeview Manor, Inc.,* 268 B.R. 523, 526 (N.D. Ohio 2001); *In re Pamela L. Hood,* 319 F.3d 755, 767-68 (6th Cir. 2003) (A State waives its sovereign immunity under § 106(a) when it files a proof of claim

-9-

regarding a student loan debt and the bankruptcy court has the authority to discharge a student loan debt and determine whether repayment constitutes "undue hardship."). Although a State's sovereign immunity is not offended where a bankruptcy court exercises *in rem* jurisdiction in determining whether to discharge a student loan debt based on undue hardship, not every exercise of a bankruptcy court's *in rem* jurisdiction overrides sovereign immunity. *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 451 n. 5 (2004). The Supreme Court noted the difference between the bankruptcy court's exercise of *in rem* jurisdiction over a debtor's property in determining *dischargeability* from an *adversary proceeding by a bankruptcy trustee seeking to recover property in the hands of the State*. *Id.* at 454 ("The case before us is thus unlike an adversary proceeding by the bankruptcy trustee seeking to recover property in the hands of the State on the grounds that the transfer was a voidable preference.") The Supreme Court has not excepted an action by a bankruptcy trustee to recover property in the hands of the government—whether the State or federal government—as a waiver of sovereign immunity.

Waiver by the IRS cannot be found in 28 U.S.C. § 1334(d) which grants the district court exclusive jurisdiction of all the property of the debtor as of the commencement of such case. *In re Nordic Village*, 503 U.S. at 37. In the redirection provision at issue, the Bankruptcy Court directs the IRS to submit yet to be determined tax refunds to the Trustees. There is no *res* to which the Bankruptcy Court's *in rem* jurisdiction could attach. "In any event, we have never applied an *in rem* exception to the sovereign-immunity bar against monetary recovery, and have suggested that no such exception exists." *Id.* at 38. The Trustees' reliance on *United States v. Whiting Pools, Inc.,* 462 U.S. 198 (1983) to support their position that they have the authority to obtain funds from the IRS is without merit in light of the Supreme Court's rejection of this argument in *In re Nordic*

*Village.* 503 U.S. at 39 ("A suit for payment of funds from the Treasury is quite different from a suit for the return of tangible property in which the debtor retained ownership. The Court's opinion in *Whiting Pools* contains no discussion of § 106(c), and nothing in it suggests that an order granting monetary recovery from the United States would be proper.").

The Trustees' argument that sovereign immunity has been waived because in child support orders the IRS has complied with redirection of tax refunds is without merit given that an explicit statutory provision requires the IRS to intercept the refunds to pay tax refunds to third parties. *See,* 26 U.S.C. § 6402.

The Trustees have not identified an explicit statutory provision which waives the IRS' sovereign immunity from proceedings redirecting a debtor's future tax refund to the Trustees instead of the debtor. The IRS has carried its burden that the writ be issued because the IRS has a clear and indisputable right to sovereign immunity.

### D.     Appropriate under the Circumstances

In determining the third condition, this Court finds that, in exercising its discretion to issue the writ, it is satisfied that the writ is appropriate under the circumstances. Thousands of chapter 13 cases have been affected during the past two years, are currently affected and will be in the future. The tax-year ending 2009 is upon us which adds to the uncertainty of pending and future chapter 13 cases. The Trustees do not dispute that the redirection provisions create a burden on the IRS and the Court notes that given the status of chapter 13 cases in this District, that burden has dramatically risen over the last year and the pendency of these proceedings. Although the Court agrees that the Bankruptcy Court should generally decide at the first instance its jurisdiction and authority over a matter, as noted above, given that the Bankruptcy Court has expressly set forth in

its April 23, 2009 letter to the Attorney General that such authority and jurisdiction is "clear." The Court finds that review of the issue of whether sovereign immunity has been waived as to the redirection provision contained in the chapter 13 orders of confirmation aids this Court and the Bankruptcy Court in exercising its jurisdiction.

The Court understands that the basis for the redirection provision was to assist the chapter 13 debtors and creditors in a successful implementation of a confirmed plan and to stem the tide of home foreclosures in this District. However, the Bankruptcy Court cannot enter orders which are beyond its jurisdiction and authority under the United States Constitution. It is Congress which has the authority to clearly waive the United States' sovereign immunity in certain proceedings which in this case has not been shown. The Bankruptcy Court's issuance of the redirection provisions as to the IRS demonstrates a clear abuse of discretion and conduct amounting to usurpation of judicial power.

### III. CONCLUSION

The Court finds that sovereign immunity has not been waived as to proceedings against the IRS redirecting tax refunds to be paid to chapter 13 Trustees instead of to the debtors. The Bankruptcy Court, therefore, had no jurisdiction and authority to enter chapter 13 confirmation orders ordering the IRS to redirect tax refunds to be paid to chapter 13 Trustees instead of to the debtors.

Accordingly,

IT IS ORDERED AND DECLARED that the chapter 13 Trustees for the Eastern District of Michigan may not seek to enforce any provisions of chapter 13 plan confirmation orders entered by the United States Bankruptcy Court for the Eastern District of Michigan that compel the IRS to

pay future tax refunds claimed by chapter 13 debtors to the chapter 13 Trustees instead of to the debtors.

IT IS FURTHER ORDERED that a writ of mandamus is issued prohibiting the United States Bankruptcy Court for the Eastern District of Michigan from entering any further orders containing redirection provisions of chapter 13 confirmation orders that compel the IRS to pay future tax refunds claimed by chapter 13 debtors to the chapter 13 Trustees instead of to the debtors.

IT IS FURTHER ORDERED that the Trustees' Motion to Effectuate Referral of Case Pursuant to Local Rule 83.50 [**Docket No. 5, filed on October 15, 2009**] is DENIED.

IT IS FURTHER ORDERED that the Trustees' Motion for Additional Time to File Responsive Pleading [**Docket No. 4, filed on October 15, 2009**] is MOOT given that the Trustees' filed a Motion to Dismiss instead of an Answer to the Complaint and Petition for Writ of Mandamus.

IT IS FURTHER ORDERED that the Trustees' Motion to Dismiss [**Docket No. 13, filed on November 23, 2009**] is DENIED.

IT IS FURTHER ORDERED that the IRS' Cross-Motion for Preliminary Injunction, [**Docket No. 10, filed on October 28, 2009**] is MOOT.

IT IS FURTHER ORDERED that the Motion of the Judges of the United States Bankruptcy Court for the Eastern District of Michigan for Leave to File a Brief as Amici Curiae, [**Docket No. 18, filed on November 25, 2009**] is DENIED.[3]

---

[3] Pursuant to Fed. R. App. P. 21(b)(4), the Bankruptcy Judges' Motion is denied as "[t]he trial-court judge may request permission to address the petition but may not do so unless invited or ordered to do so by the court of appeals. *See* Fed. R. App. P. 21(b)(4).

IT IS FURTHER ORDERED that IRS' Protective Motion (if Necessary) to Withdraw Reference and Request that Court Allow Direct Filing [**Docket No. 26, filed on December 11, 2009**] is MOOT.

IT IS FURTHER ORDERED that Judgment be entered in favor of the IRS and against the Trustees.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 20, 2010, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager